UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND M. MINIER, et al., <br><br> Plaintiffs, <br><br> -against- <br><br> ALICIA K. MENSAH, et al., <br><br> Defendants. | 24-CV-1781 (LAK) (RFT) <br><br> **ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Plaintiffs Raymond M. Minier, Bruce Ferreiro, and Glenn Walker began this action on June 21, 2023, by filing a summons and complaint in New York Supreme Court, Bronx County, against Defendants Alicia K. Mensah and John K. Mensah. On March 11, 2024, Defendants removed this action to this Court based on diversity jurisdiction. (*See* ECF 1). Prior to removal, Defendants had filed an answer in state court. *See Minier v. Mensah*, No. 809548/2023E (N.Y. Civ. Ct.) (NYSCEF No. 4). Plaintiffs' counsel subsequently withdrew from the representation, and the case has been stayed since April 29, 2024 to allow Plaintiffs time to find replacement counsel or, if they could not do so, to allow them to indicate an intention to litigate pro se (without a lawyer). (*See* ECF 13.)

I initially gave Plaintiffs until June 5, 2024 to either find replacement counsel or file a letter on the docket indicating an intention to litigate pro se (without a lawyer). (*See id.*) On June 3, 2024, Plaintiff Walker submitted a letter requesting an extension of time to find replacement counsel (*See* ECF 15.) On June 7, 2024, I granted that request; even though Plaintiffs Minier and Ferreiro did not respond to my April 29 Order, I extended their time as well

1

as Plaintiff Walker's until July 8, 2024 to either find replacement counsel or file a letter on the docket indicating an intention to litigate pro se (without a lawyer). (*See* ECF 16.)

No lawyer filed a notice of appearance on behalf of any Plaintiff by July 8, 2024; nor did any Plaintiff file a letter stating an intention to litigate pro se (without a lawyer) or seeking an extension of time to try to find replacement counsel. On July 9, 2024, I issued an order to show cause why I should not recommend that Plaintiffs' claims be dismissed for failure to prosecute; the order to show cause was returnable on July 23, 2024. The Order To Show Cause warned Plaintiffs that failure to comply could lead to a recommendation to Judge Lewis A. Kaplan that the case be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). (*See* ECF 17.)

Due to a clerical error, my June 7 Order and my July 9 Order To Show Cause were not mailed to Plaintiffs at the time they were issued. On July 29, 2024, I issued an order (1) directing the Clerk of Court to mail my June 7 Order, my July 9 Order To Show Cause, and my July 29 Order to Plaintiffs and (2) extending the time for Plaintiffs to respond to my July 9 Order To Show Cause until September 3, 2024. (*See* ECF 18.)

No lawyer filed a notice of appearance on behalf of any Plaintiff by September 3, 2024; nor did any Plaintiff file a letter stating an intention to litigate pro se (without a lawyer) or seeking an extension of time to try to find replacement counsel.

On September 12, 2024, I issued an order stating that I would hold a telephonic status conference on September 26, 2024 and warning Plaintiffs that a failure to appear could result in my making a recommendation to Judge Kaplan to dismiss their claims for failure to prosecute under Fed. R. Civ. P. 41(b). (*See* ECF 19.)

On September 13, 2024, my courtroom deputy called each Plaintiff at the phone number provided to the Court by Plaintiffs' former counsel. (*See* ECF 13 at 6.) My courtroom deputy reached Plaintiff Minier and informed him of the September 12 Order scheduling the September 26 status conference.

My courtroom deputy left voicemails for Plaintiffs Ferreiro and Walker, informing them of the September 26 status conference and requesting that each Plaintiff call chambers. Plaintiff Walker did not return the call. Plaintiff Ferreiro returned the call and spoke to my law clerk, who informed him of the status conference on September 26; told him that he would be mailed the September 12 Order, which contained instructions on how to call in to the conference; told him that it was important for him to call in to the conference on September 26; confirmed his address; and told him that if he did not receive the September 12 Order in the mail, he should call chambers.

Only Plaintiff Minier and counsel for Defendants appeared at the telephonic conference on September 26. Plaintiff Minier stated that he did not intend to continue litigating this case. In light of the non-appearance by Plaintiffs Walker and Ferreiro, I stated that it was my intention to recommend that their claims be dismissed for failure to prosecute.

After the conference, however, Plaintiff Ferreiro called chambers. He provided a different mailing address than the one that he had confirmed to my law clerk on September 13. He told my law clerk that he did not intend to continue litigating this case and provided an email address where chambers could send him a form stipulation to discontinue the case.

On October 7, 2024, chambers emailed to Plaintiff Minier and counsel for Defendants a form stipulation of dismissal, which form was executed by both parties.

3

On October 7, 2024, chambers emailed to Plaintiff Ferreiro and counsel for Defendants a form stipulation of dismissal, but the message bounced back as undeliverable. My law clerk called Plaintiff Ferreiro on October 8 to get his correct email address. Plaintiff Ferreiro said that he wants to try to find counsel to continue litigating this case.

Notwithstanding my statement at the September 26 conference that, in light of the non-appearance of Plaintiffs Ferreiro and Walker, I intended to recommend dismissal of their claims for failure to prosecute, because Plaintiff Ferreiro has indicated a desire to try to find counsel to continue litigating this case, <u>I am extending sua sponte and nunc pro tunc until **November 15, 2024** both the stay of this case and the deadline for Plaintiffs Ferreiro and Walker to respond to my July 9 Order To Show Cause. Plaintiffs Walker and Ferreiro may each comply with the July 9 Order To Show Cause by either (1) retaining replacement counsel who files a notice of appearance on his or their behalf or (2) submitting a letter on the docket stating that he intends to proceed with the case without a lawyer.</u>  Plaintiffs Ferreiro and Walker may file a letter on the docket by emailing a signed PDF of the letter to ProSe@nysd.uscourts.gov in an email with the subject line: "Pro Se Filing – 24-cv-1781." They are advised that it may take up to two business days for any filings to appear on the docket. They are also reminded that, as unrepresented parties, they are obligated to inform the Court of any changes to their addresses.

Plaintiffs Ferreiro and Walker are advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide a pro se party with advice in connection with their case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court. Litigants may contact the

City Bar Justice Center by going to https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/ and completing the City Bar Justice Center's intake form for the Southern District of New York (SDNY).

The Clerk of Court is respectfully requested to update Mr. Ferreiro's address on the docket as follows:

>Bruce Ferreiro
>3510 Decatur Ave., Apt. 4C
>New York, NY 10467

If Plaintiffs Ferreiro and Walker do not comply with my July 9 Order To Show Cause by November 15, 2024, it is my intention to recommend that their claims be dismissed for failure to prosecute.

DATED:  October 11, 2024
        New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge

5